# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * *
JULIE COCHRAN, as daughter and     *     No. 13-477V
heir to JOHN JAMES BIEBER,         *     Special Master Christian J. Moran
deceased,                          *
                                   *
            Petitioner,            *     Filed: September 19, 2014
                                   *
v.                                 *     Stipulation; Trivalent influenza
                                   *     ("flu") vaccine; progressive
SECRETARY OF HEALTH                *     multifocal motor neuropathy; death.
AND HUMAN SERVICES,                *
                                   *
            Respondent.            *
* * * * * * * * * * * * * * * * * * *
```

<u>Michael G. McLaren.</u>, Black McLaren et al., Memphis, TN, for Petitioner;
<u>Voris E. Johnson</u>, United States Dep't of Justice, Washington, DC, for Respondent.

### **UNPUBLISHED DECISION**[1]

On September 17, 2014, respondent filed a joint stipulation concerning the petition for compensation filed by Julie Cochran on July 17, 2013, on behalf of John James Bieber ("Mr. Bieber"). In her petition, Ms. Cochran alleges that the trivalent influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which Mr. Bieber received on or about October 9, 2012, caused him to suffer a progressive multifocal motor neuropathy resulting in death. Petitioner further alleges that Mr. Bieber's death was the sequela of his alleged vaccine-related injury. Petitioner represents that there has been no prior award or settlement of a civil action for damages by Mr. Bieber or on his behalf as a result of Mr. Bieber's injury or his death.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the party has 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Respondent denies that Mr. Bieber suffered a progressive multifocal motor neuropathy or any other injury as the result of his October 9, 2012, flu vaccination. Respondent further denies that Mr. Bieber's death was vaccine-related.

Nevertheless, the parties agree to the joint stipulation, attached hereto as "Appendix A." The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**A lump sum of $345,000.00 in the form of a check payable to petitioner, Julie Cochran, as legal representative of the estate of John James Bieber, deceased. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 13-477V according to this decision and the attached stipulation.[2]

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6353.

**IT IS SO ORDERED.**

                                          s/ Christian J. Moran
                                          Christian J. Moran
                                          Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JULIE COCHRAN, as daughter and heir to JOHN JAMES BIEBER, deceased, ) ) ) ) | |
| Petitioner, ) ) | |
| v. ) ) | No. 13-477V |
| ) | Special Master Moran |
| SECRETARY OF HEALTH AND HUMAN SERVICES, ) ) ) | ECF |
| ) | |
| Respondent. ) ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Julie Cochran, petitioner, as daughter and heir to John James Bieber ("Mr. Bieber"), deceased, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Mr. Bieber's receipt of a trivalent influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Mr. Bieber received the flu vaccination on October 9, 2012.

3. The vaccination was administered within the United States.

4. Petitioner alleges that as a result of receiving the flu vaccine, Mr. Bieber suffered a progressive multifocal motor neuropathy. Mr. Bieber passed away on December 1, 2012. Petitioner further alleges that Mr. Bieber's death was the sequela of his alleged vaccine-related injury.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages by Mr. Bieber or on his behalf as a result of Mr. Bieber's injury or his death.

6. Respondent denies that Mr. Bieber suffered a progressive multifocal motor neuropathy or any other injury as the result of his October 9, 2012, flu vaccination. Respondent further denies that Mr. Bieber's death was vaccine-related.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $345,000.00, which amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a), in the form of a check payable to petitioner, Julie Cochran, as legal representative of the estate of John James Bieber, deceased.

9. As soon as practicable after an entry of judgment on entitlement in this case, and after petitioner has filed both a timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of Mr. Bieber's estate under the laws of the State of Tennessee. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as the legal representative of Mr. Bieber's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the estate of John James Bieber at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the estate of John James Bieber upon submission of written documentation of such appointment to the Secretary.

12. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and as legal representative of Mr. Bieber's estate, on behalf of herself, the estate, and Mr. Bieber's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. Bieber resulting from, or alleged to have resulted from, the flu vaccination administered on October 9, 2012, as alleged by

3

petitioner in a petition for vaccine compensation filed on July 17, 2013, in the United States Court of Federal Claims as petition No. 13-477V.

13. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

14. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

15. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. Bieber's multifocal motor neuropathy or any other injury; or that Mr. Bieber's death was vaccine-related.

16. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of the estate of John James Bieber.

END OF STIPULATION

/
/

4

Respectfully submitted,

PETITIONER:

*[signature]*

JULIE COCHRAN

ATTORNEY OF RECORD FOR
PETITIONER:

*[signature]*

MICHAEL G. MCLAREN, ESQ.
Black, McLaren, Jones, Ryland,
& Griffee, PC
530 Oak Court Drive, Suite 360
Memphis, TN 38117
Tel: (901) 762-0535

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*[signature]*

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

*[signature]*

A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Acting Director, Division of Vaccine
Injury Compensation (DVIC)
Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

*[signature]*

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4136

Dated: 9/17/14

5